## LAWRENCE v. STATE.

6 Div. 759.

Court of Appeals of Alabama.

Feb. 26, 1935.

Rehearing Denied March 19, 1935.

J. A. Posey, of Haleyville, for appellant.

Ernest B. Fite, of Hamilton, for the State.

SAMFORD, Judge.

The charge in this case, briefly stated, is that the defendant, being subject to road duty, failed or refused, after legal warning, to do so.

The prosecution is based upon an ordinance adopted by the court of county commissioners on February 10, 1930, under and by authority of section 1347 of the Code of 1923, in which such court is given jurisdiction over the roads and bridges in their respective counties, and may make rules and regulations governing and maintaining the same. The foregoing section has now been superseded by section 1397 (110) of the Alabama Highway Code, and may be found in Michie's Code, § 1397 (110). The later section does not change the section in the 1923 Code, but simply carries it forward into the body of the Highway Code.

The regulations of the court of county commissioners, adopted pursuant to the authority granted in the aforecited Code sections, after declaring those subject to road duty and providing that all persons liable to road duty should be warned either personally or in writing by the road overseer on that part of the road where he is warned to work, provided for the election or appointment of road overseers and commissions to be issued to them as follows:

"Section 19. Overseers, Appointment, etc. The Court of County Commissioners may appoint one or more overseers for each road precinct; and such court may discharge any overseer at any time for neglect of duty or inefficiency, and fill all vacancies for overseers in any precinct. The term of office of all overseers shall be for one road year, and any overseer may be reappointed by the Court from year to year.

"Section 21. Commission. The judge of probate shall issue a commission to each overseer appointed by the Court immediately after his appointment as such.".

It is admitted that the person giving the warning to this defendant to work the road, and who signed himself "Overseer," had no commission as required by section 21 of the ordinance, supra, and that there was no order of the court of county commissioners appointing him as such overseer, and nothing appeared in the minutes of the court regarding it, but that the county commissioner for that district had told him to act as overseer. Under the facts in this case, the person giving the warning to defendant to work the road had no legal authority to do so, and defendant was not in any way bound to obey the warning.

There is another question in this case which perhaps ought to be settled by this appeal, although the lack of authority to give the warning entitles defendant to his discharge.

The evidence discloses that the work which the defendant was warned to do was to dig gravel in a gravel pit two miles distant from the road on which defendant was liable to work; that this gravel was being dug up in the pit, loaded on trucks to be hauled to the road, and there to be spread by others upon the roadbed. The statute requiring defendant to work the public road, under rules and regulations of the court of county commissioners, is penal, and must be strictly construed in favor of the citizen whose labor is sought to be taken for public use. The statute declares: "All persons are liable to work *on the public roads*, except those exempt," etc. (Italics ours.) Code 1928, § 1397 (117). If under this statute defendant could be compelled to work two miles from the public road, mining gravel to obtain material with which to repair or build a road, he could also be assigned to the forest, felling trees and hewing timber for the building of bridges, drains, culverts, and the like. The system of compelling citizens to work a certain number of days on the public roads is a relic of those times in our history, before the days of automobiles, rapid transit, and improved highways, and roadwork was confined to making roadways passable for buggies, wagons, and horse-drawn vehicles. Such work was confined to work *on* the road, and did not contemplate a service outside the right of way. The statute cannot now be so expanded as to include such labor as was demanded of the defendant in this case.

The judgment is reversed, and one will here be rendered discharging the defendant.

Reversed and rendered.